# EXHIBIT 6



312 Rosa Parks Avenue, 8th Floor
Nashville, Tennessee 37243

January 9, 2026

Tarek Mansour
Chief Executive Officer
KalshiEX LLC, dba Kalshi
594 Broadway, Suite 407
New York, NY 10012

*Via Email to tarek@kalshi.com and Federal Express Standard Overnight.*

### RE: Demand to Cease and Desist Offering Sports Events Contracts in Tennessee

Dear Mr. Mansour:

The Tennessee Sports Wagering Council (the "SWC") is the regulator of sports wagering in the State of Tennessee and is responsible for enforcing and supervising compliance with the laws and rules relating to wagering on sporting events in this state.[1] In Tennessee, it is a taxable privilege to offer sports wagering pursuant to a license issued in accordance with the Tennessee Sports Gaming Act (the "Act").[2]

In Tennessee, "Interactive sports wagering" means "placing a wager on a sporting event via the internet, a mobile device, or other telecommunications platform".[3] Interactive sports wagering may only be offered in Tennessee pursuant to a license issued by the SWC.[4] The Act defines "Sporting event" as "any professional sporting or athletic event, including motorsports and e-sports, any collegiate sporting or athletic event, or any Olympic sporting or athletic event sanctioned by a national or international organization or association. 'Sporting event' does not include horse racing." The Act further defines "Wager" as "a sum of money that is risked by a bettor on the unknown outcome of one (1) or more sporting events, including, but not limited to, the form of fixed-odds betting, a future bet, live betting, a money line bet, pari-mutuel betting, parlay bet, pools, proposition bet, spread bet, or in any other form or manner as authorized by rule

---

[1] Tenn. Code Ann. § 4-49-106(a).
[2] Tenn. Code Ann. § 4-49-104(a).
[3] Tenn. Code Ann. § 4-49-102(14).
[4] Tenn. Code Ann. § 4-49-117.

promulgated by the council".[5] Therefore, a person or entity that accepts a sum of money risked on the outcome of a sporting event without a valid license issued by the SWC violates the Act.

KalshiEX LLC ("Kalshi") is registered with the Commodities Futures Trading Commission as a designated contract market and currently lists sports events contracts on its exchange, all of which can be accessed by individuals located within the borders of the State of Tennessee. These sports events contracts give consumers the option to purchase contracts corresponding to one of two outcomes of an event. For example, a consumer may purchase a contract that reflects which team they believe will win or lose the matchup. The ultimate result is money being won or lost based on the outcome of a game. Accordingly, the sports events contracts offered on Kalshi's exchange are Wagers under the Act and are being offered illegally in violation of Tennessee law and regulations.

The Tennessee Legislature has put in place many laws and regulations with which Licensees must comply that are designed to protect the public interest of Tennessee. Among other protections, individuals under the age of twenty-one are not permitted to wager in Tennessee.[6] The Act also lists persons or categories of persons who are ineligible to place a wager in Tennessee.[7] The Act and SWC rules contain specific anti-money laundering controls required of Licensees.[8] The Act requires that Licensees offer various forms of responsible gaming protections, including the ability for an individual to exclude themselves completely from the ability to wager on the Licensee's platform, as well as offering limits on the time spent betting and amounts wagered.[9]

The sports events contracts offered on Kalshi's exchange are not compliant with these protections (and many others) and are an immediate and significant threat to the public interest of Tennessee. Even if it did offer these protections, Kalshi does not have the required license issued by the SWC and does not pay the privilege tax mandated by statute.

To that end, the SWC demands that Kalshi cease offering sports events contracts to customers in Tennessee *immediately*, void all pending sports events contracts that were entered into by any person located in Tennessee, and refund all funds on deposit to any person located in Tennessee no later than January 31, 2026.

Failure to comply with the SWC's demand will result in the imposition of fines pursuant to the Act, which states that the SWC *shall* impose a fine against any person offering wagers in Tennessee without a license in the amount of $10,000 for the first offense; $15,000 for a second offense; and $25,000 for a third or subsequent offense.[10] Moreover, failure to comply with the SWC's demand will result in the SWC seeking injunctive relief in accordance with Tenn. Code Ann § 4-49-129.

In addition, unless an exception applies, Tennessee gambling statutes broadly prohibit any kind of gambling and provide: "'Gambling' is contrary to the public policy of this state and means

---

[5] Tenn. Code Ann. § 4-49-102(39).
[6] Tenn. Code Ann. § 4-49-118(a); Tenn. Code Ann. § 4-49-102(19).
[7] Tenn. Code Ann. § 4-49-112.
[8] Tenn. Code Ann. § 4-49-110; Tenn. Comp. R. & Regs. 1350-03-.08.
[9] Tenn. Code Ann. § 4-49-119.
[10] Tenn. Code Ann. § 4-49-127(b)(2).

risking anything of value for a profit whose return is to any degree contingent on chance, or any games of chance associated with casinos, including, but not limited to slot machines, roulette wheels and the like."[11] The definition of "gambling" has certain exceptions, one of which is "[l]awfully accepting or placing a wager on a sporting event in accordance with the Tennessee Sports Gaming Act, compiled in title 4, chapter 49."[12] As stated above, Kalshi is not lawfully accepting wagers in accordance with the Act because it is not a licensed operator under the Act.

The Tennessee gambling statutes further provide that: "A person commits an offense who knowingly induces or aids another to engage in gambling, and: (1) Intends to derive or derives an economic benefit other than personal winnings from the gambling."[13] This offense, gambling promotion, is a Class B misdemeanor.[14] In addition,

>   (a) A person commits an offense who knowingly invests in, finances, owns, controls, supervises, manages or participates in a gambling enterprise.
>   (b) For purposes of this section, 'gambling enterprise' means two (2) or more persons regularly engaged in gambling promotion as defined in § 39-17-503.
>   (c) The offense of aggravated gambling promotion is a Class E felony.[15]

Thus, Kalshi's failure to comply with the SWC's demand will also result in the referral of Kalshi's illegal gambling operation to law enforcement for further investigation.

The SWC looks forward to Kalshi's immediate and unqualified compliance with its demand. For questions, you may call me at 615-770-3947 or e-mail at Mary.Beth.Thomas@tn.gov.

Sincerely,

*Mary Beth Thomas*

Mary Beth Thomas
Executive Director

CC: The Honorable Jonathan Skrmetti
Attorney General and Reporter for the State of Tennessee

Billy Orgel
Chairman
Tennessee Sports Wagering Council

---

[11] Tenn. Code Ann. § 39-17-501(2).
[12] *Id.*
[13] Tenn. Code Ann. § 39-17-503(a).
[14] Tenn. Code Ann. § 39-17-503(b).
[15] Tenn. Code Ann. § 39-17-504.